## JACK BOLLEN v. THE STATE.

### No. 3262. Decided March 15, 1905.

**1.—Robbery—Bill of Exceptions—Frightened Appearance.**

Where a bill of exceptions to a confession failed to show that appellant was under arrest or surveillance of an officer at the time of the alleged confession it can not be considered; besides, the frightened appearance of defendant was legitimate testimony.

**2.—Same—Certificate of Judge Must Show Fact in Bill.**

Where the appellant merely urged objections to a statement of witness on the ground that no conspiracy had been shown between witness and defendant,

but the judge's certificate does not show this to be a fact, the bill can not be considered.

### 3.—Same—Bill Must Show Injury of Testimony.

Where the bill does not show how the admission of testimony illegally admitted injured defendant the same can not be considered.

### 4.—Same—Charge of Court—Assault to Rob.

Where the court copied the statute on assault, it was sufficient in view of the fact that the indictment charged robbery by assault and it was not necessary to define an assault and battery.

### 5.—Same—Harmless Error—Principals.

Where the court erroneously charged that principals in a crime need not be actually bodily present when the offense was committed, but the evidence showed that the defendant was present at the commission of the offense, the charge was harmless.

### 6.—Same—Charge of Court on Weight of the Evidence.

Where the court charged on the law of principles that the jury were to judge from the surrounding circumstance in proof, such as companionship of parties and the conduct of the defendant at, before and after the offense was committed, it was a charge on the weight of the evidence.

### 7.—Same—Theory of Defense Should be Submitted.

On a trial for robbery where the evidence of defendant showed that he simply interfered to prevent an assault being made upon prosecutor and did not participate in the robbery, the court should have charged on this phase of the case.

### 8.—Same—Fraudulent Taking Must be Submitted.

On a trial for robbery the taking of the property must be fraudulent, and the court should have submitted that issue to the jury, and the mere copy of the statute on assault to rob wherein the word "fraudulent" occurs is not sufficient; the term must be applied to the evidence in the case.

Appeal from the District Court of El Paso. Tried below before Hon. George Estes.

Appeal from a conviction of robbery by assault; penalty, five years imprisonment in the penitentiary.

The main State's witness testified that he had been robbed by defendant and another; that they had assaulted him, and then went through his pockets and took his money. Defendant denied that he had assaulted or robbed the witness, but that he had interfered in a difficulty between him and the other party, whom witness said assaulted him; that no one robbed witness of his money as far as defendant knew.

*Tom Lea, Jr., Dan M. Jackson* and *H. Walthall,* for appellant.—The court erred in charging the jury in the latter part of the definition of principals, which is as follows, to wit:

"Of this the jury are to judge from the surrounding circumstances in proof, such as companionship of parties and the conduct of the defendant at, before and after the offense was committed." Code Crim. Proc., art. 714, 715, 716; Johnson v. State, 1 Texas Crim. App., 609; Brown v. State, 23 Texas, 195; Bishop v. State, 43 Texas, 390; Muely v. State, 31 Texas Crim. Rep., 155; White v. State, 17 Texas Crim. App., 188; Willson's Code Crim. Proc., art. 716, sub-division 6.

The court erred in not submitting to the jury defendant's defense and theory of the case upon which he offered proof.

Defendant in his own behalf testified that he was present at the time and place complaining witness testifies to have been robbed; that he did catch hold of complaining witness, and Murphy, also; that Murphy and complaining witness were at that time fighting and engaged in a scuffle; that his, appellant's whole object and aim was to separate them; that if complaining witness lost his money and was robbed it was without his, appellant's knowledge, approval or consent; that if robbery was committed by said Murphy, he, appellant, did not participate therein, and had no knowledge of its being done. White's Ann. Code Crim. Proc., sec. 801, sub-div. 2–3; Hierholzer v. State, 11 Texas Ct. Rep., 725; Parker v. State, 34 S. W. Rep., 265; Burkhard v. State, 18 Texas Crim. App., 599; Bond v. State, 4 S. W. Rep., 580; Wilson's Code Crim. Proc., art. 716, sub-div. 5.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of robbery by assault, and his punishment fixed at confinement in the penitentiary for a term of five years.

The first bill of exceptions complains that while State's witness Ramon Gonzales was on the stand, he was permitted to testify: "After I took Mr. Hammel to the police station and reported the matter to the night captain, I left Hammel there at the police station and we went from there to the Toltec saloon, where I met Mr. Bollen. I walked right in the saloon and he walked right in behind me. He said something to me. 'He was kind of afraid, something on his mind.' He said something to me, some word, I cannot explain myself just like he said to me; something on his mind, something happened at his place before that was all he said." Defendant objected at the time it was offered, for the reason it was introduced by the State for the purpose of showing a confession on the part of Bollen (defendant). The facts show that witness was an officer, and that defendant, while not under actual arrest, was under surveillance at the time, by a man whom he (defendant) knew to be an officer. That the statement was not made after the statutory warning; and further the statement was vague and indefinite, and does not show to have been made with the alleged robbery in mind at the time. The court approves the bill with the following explanation: "The above statement, 'is vague and indefinite and does not show to have been made with the alleged robbery in mind at the time,' if given as a reason is not now remembered by the court." That the same is vague and indefinite a casual inspection will disclose. As to whether the witness states anything is left more or less in doubt. The bill fails to show appellant was under arrest, nor is there anything in the bill showing he was under surveillance of an officer at the time. While it is true appellant urges these as grounds of objection, still the bill does not show them to be facts. As we glean from the statement,

the substance of what the officer testified is, that defendant appeared to be frightened. This is legitimate testimony; the condition and appearance of one immediately after a crime is committed, is legitimate proof on his trial.

By another bill, appellant complains that prosecutor Hammel was permitted to testify to the following: "So we went back there and had a couple of more drinks, and Murphy claims that I called him a son of a bitch." Defendant objected on the ground that it was irrelevant, immaterial to any issue, and highly prejudicial. The State had failed to show any conspiracy between the parties defendant, and that the statement made by defendant Murphy could not have been introduced, and defendant was not bound thereby; that the mere presence of defendant at the time and place of the alleged conversation, when it is not shown he participated in the conversation, would not make it admissible. For ought the bill shows the testimony may have been quite material. It is true appellant objects to the same on the ground that no conspiracy is shown between Murphy and appellant; but the bill does not show the judge certifies this to be a fact, but merely that appellant urged this as a reason for excluding the testimony. Could we revert to the statement of facts, the testimony would be clearly admissible, since the statement occurred immediately before Murphy and appellant robbed witness Hammel.

Appellant also complains in another bill that witness Ramon Gonzales, a policeman, was permitted to testify: "I was coming down Mesa Avenue, right about the corner there, when I saw a party come out of the saloon, stand and look up and down the street and go right back in the saloon. I did not know the party." Appellant objected on the ground that the witness did not identify the party looking up and down the street; that this was some time prior to the alleged robbery. How and in what way, this testimony could have injured appellant, does not appear. As appears by the bill, it is not connected with any testimony. Witness states he did not know the party, and hence we do not see how appellant could be injured.

In motion for new trial appellant insists that the court failed to fully instruct the jury as to the law, in this: that the charge as given does not define an assault or assault and battery. The charge shows that the court copied the statute on assault but did not copy the statute defining assault and battery. We think this was sufficient in view of the fact that the indictment charged robbery by an assault.

Complaint is also made of the charge on principals on the ground that it tells the jury that all parties would be principals whether in point of fact all were actually bodily present on the ground when the offense was actually committed or not. This charge is erroneous, as appellant insists, under the repeated decisions of this court; but it could not have injured him because his own testimony as well as that of the State shows he was present. There was no testimony that he was absent from the scene of the crime.

After defining principals, the court charged the jury: "Of this the jury are to judge from the surrounding circumstances in proof—such as companionship of parties and the conduct of the defendant at, before and after the offense was committed." Appellant insists this charge was on the weight of the evidence. The evidence both for the State and defendant shows that appellant and prosecutor were together and companions at the time of the alleged robbery, and consequently the charge of the court was not that character of error as was calculated to injure the rights of appellant, and under article 723, Code Criminal Procedure, we will not reverse the case.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.

### ON REHEARING.

### April 26, 1905.

BROOKS, JUDGE.—The judgment was affirmed at the recent Dallas term, and is now before us on rehearing. Appellant insists that the court erred in failing to pass upon and sustain appellant's eighth assignment of error, which complains that the court below erred in not submitting to the jury defendant's theory of defense to the theory of the case upon which he offered proof. Appellant's defense as insisted, was that his companion assaulted prosecutor, and that he (appellant) merely intervened to prevent his companion injuring or inflicting injury upon prosecutor; that he had no knowledge of or part in the robbery. The court should have charged the jury on this distinct issue. However, in the charge of the court we find this language: "The mere presence of a party at the time and place where a crime is committed, does not constitute a party a principal; he must be present at the time and place with a knowledge of and participation in the offense. Of this the jury are to judge from the surrounding circumstances in proof, such as companionship of parties and the conduct of defendant at, before and after the offense was committed." This latter clause is on the weight of the evidence. The first clause is a pertinent presentation of the law, but it should have gone farther and told the jury that if appellant grabbed prosecutor, or interfered to prevent an assault being made upon prosecutor, and this alone was his intent, or if the jury have a reasonable doubt as to this being his intent, then they should find him not guilty. Furthermore, we notice as appellant insists the court does not tell the jury that the taking of the money must be fraudulent. It is true, the court copied the statute on assault to rob which contains the word "fraudulent," but in the application of the law to the facts, he does not tell the jury that the taking must be fraudulent. Believing that we were in error in affirming the judgment, on the points herein stated the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*